■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANS PARRIS, Appellant. — Appeals by defendant from three judgments of the Supreme Court, Kings County (Krausman, J.), each rendered July 14, 1983, convicting him of robbery in the first degree (three counts) and robbery in the second degree (three counts), upon a jury verdict, and convicting him of robbery in the first degree (two counts), upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

On the instant appeals, defendant argues that the failure of complainant to make an in-court identification, notwithstanding his prior lineup identification, creates a reasonable doubt as to his guilt. During the trial, an officer testified that he was present when complainant made a lineup identification. Such testimony is permissible (CPL 60.25; *People v Lagana,* 36 NY2d 71, 74, *cert denied* 424 US 942). Defendant further argues that his age, 17, coupled with his intelligence and family background, was sufficient to accord him youthful offender treatment. The granting of youthful offender treatment lies within the discretion of the court (*People v Williams,* 78 AD2d 642). Finally, it is urged that the allocutions during defendant's guilty pleas were inadequate. It should also be noted that the issue urged was not raised in the court of first instance by way of a motion to withdraw the pleas or to vacate the judgments. Therefore, it has not been preserved for review (*see, People v Pellegrino,* 60 NY2d 636). In any event, a complete allocution recitation is not a prerequisite for a plea, if the record demonstrates that it was knowingly and voluntarily entered, with competent assistance of counsel (*see, People v Harris,* 61 NY2d 9, 16-17). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.