■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER DUNLAP, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered April 17, 1981, convicting him of robbery in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed, and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The trial court's intervention in the examination of various witnesses was neither excessive nor partial, but, rather, was a proper exercise of its power to clarify facts and issues and to expedite the progress of the trial (see, People v Moulton, 43 NY2d 944, 945; People v Mendes, 3 NY2d 120, 121). Similarly, the trial court's rebukes of defense counsel at various instances during the course of the trial were not indicative of any bias against the defendant, but constituted an appropriate reaction to the improper conduct of counsel (see, People v Gonzalez, 38 NY2d 208, 210; People v Nelson, 110 AD2d 858, 859). In general, the court's conduct of the trial was proper and evenhanded (see, People v Jamison, 47 NY2d 882, 883). The record does not support the defendant's contention that the prosecutor made any improper threats or otherwise intimidated defense witnesses. Moreover, the out-of-court statement which the defendant claims was an improper threat did not result in any substantial prejudice to him.

The decision to grant or deny youthful offender treatment to a defendant is a discretionary one, and there was no abuse of that discretion in denying such relief to the defendant in the instant case (see, People v Selg, 110 AD2d 918; People v Parris, 109 AD2d 853). Furthermore, the sentence imposed was not excessive and modification is not warranted (see, People v Suitte, 90 AD2d 80). The defendant's other contentions are unpreserved for appellate review, and in any event, are without merit. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.