■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FRANKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kuffner, J.), rendered December 22, 1983, convicting him of manslaughter

in the first degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Viewed in the light most favorable to the People, the evidence adduced at trial was sufficient to sustain the defendant's conviction since it excludes to a moral certainty every reasonable hypothesis of the defendant's innocence *(see, People v Way,* 59 NY2d 361).

The inference that the defendant repeatedly struck his 88-year-old grandfather with an intent to seriously injure him could easily be drawn from the evidence. Witnesses testified that the defendant threatened the decedent during the course of a heated argument and behaved so aggressively that it was necessary to restrain him to prevent additional violence. The decedent was then hospitalized with multiple bruises to the head and chest, a laceration to the head and two broken ribs. Following his arrest, the defendant told the police he had no remorse for his actions. The defendant can be held criminally responsible for the decedent's ensuing death because the medical evidence established that his death was caused by respiratory failure and pneumonia, brought on by his injuries *(see, Matter of Anthony M.,* 63 NY2d 270; *People v Stewart,* 40 NY2d 692).

The record reveals that defense counsel provided the defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Farinaro,* 101 AD2d 891) despite counsel's pursuit of an unsuccessful defense theory and rather cursory cross-examination of prosecution witnesses. It was not an error for defense counsel to fail to request consideration of manslaughter in the second degree, since, in light of the evidence indicating intent, no reasonable view of the evidence would support a finding that the defendant acted recklessly *(see, People v Glover,* 57 NY2d 61).

The defendant was sentenced as a second violent felony offender to 10 to 20 years' imprisonment. Under the circumstances of this case, the sentence is neither harsh nor excessive, and does not require modification *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.