■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SCALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered March 26, 1981, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The critical issue in reviewing a trial court's marshaling of the evidence is to determine whether any deficiency in such marshaling denied the defendant a fair trial *(People v Saunders,* 64 NY2d 665, 667). Here, the trial court specifically stated "if what I have stated does not agree with your recollection of the evidence, then you disregard it, and use your own recollection". The jury also had the testimony from both witnesses to the delicatessen robbery read back to them after they had begun their deliberations. Therefore, any alleged impropriety in the remark complained of did not deprive the defendant of a fair trial.

The trial court properly denied the defendant's motion to set aside the verdict on the basis of the allegations of one juror concerning the behavior of another juror during deliberations. It is clear that the defendant raises no issue of improper influence but rather seeks to impeach the verdict by questioning the jury's deliberative processes. Under the circumstances, it was a proper exercise of the court's discretion to deny the defendant's motion *(see, People v Smalls,* 112 AD2d 173, 175; *see also, People v Testa,* 61 NY2d 1008, 1009).

We do not find that the sentencing court acted improperly when it sentenced the defendant after receiving a presentence report which stated that the defendant refused to be interviewed.

The defendant's other arguments were not properly preserved for our review and we decline to exercise our interest of justice jurisdiction to reach them. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.