■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRYANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 28, 1985, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On September 30, 1983, at approximately 9:30 P.M., a 56-year-old man, Jack Wechter, was attacked and robbed by a group of individuals who left him lying in the street. The victim suffered a fractured skull and spine, as well as other

injuries, and died about one month later. Following the incident, the police arrested the defendant and five other individuals. The defendant was tried jointly with four of the codefendants, and all were found guilty of felony murder and manslaughter in the first degree. Prior to sentencing, the defendant moved to set aside the verdict on the ground of jury misconduct, based on certain affidavits of one juror who alleged a number of improprieties during the jury's deliberations. After extensive oral arguments by counsel, the trial court denied the motions without a hearing. On this appeal, the defendant challenges that determination and raises other issues with respect to his judgment of conviction.

We find that the trial court did not abuse its discretion in denying the defendant's motion to set aside the verdict. After carefully reviewing the numerous allegations in the affidavits concerning the behavior and certain discussions which took place during deliberations, the trial court properly determined that, under the unusual facts of this case, a further hearing on the matter was not warranted (see, e.g., People v Brown, 48 NY2d 388, 394; People v Pickett, 61 NY2d 773; People v Scales, 121 AD2d 578).

Additionally, in viewing the evidence in a light most favorable to the People, we conclude that any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. By its verdict, the jury apparently credited and gave full weight to the testimony of the single eyewitness and other evidence presented by the prosecution. Contrary to the defendant's contentions, there is no basis to disturb the jury's determination (see, People v Contes, 60 NY2d 620, 621).

With respect to the defendant's sentence, in view of the heinous nature of the crime, we cannot conclude that the court improperly exercised its discretion in imposing the maximum sentence. Finally, we have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.