■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE McINNIS, Appellant.—Appeal by the defendant as limited by his motion, from a sentence of the Supreme Court, Kings County (Aiello, J.), imposed June 6, 1984.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant pleaded guilty to attempted manslaughter in the first degree upon a promise by the court that he would receive a maximum sentence of 1½ to 4½ years. The question of youthful offender adjudication was not raised and not made a part of the plea bargain.

On the date of sentence, the court, sua sponte, raised the issue of the defendant's eligibility for youthful offender status. However, as the People concede, the court erroneously consid-

ered attempted manslaughter in the first degree to be an armed felony offense (CPL 1.20 [41]). Therefore, the court improperly applied CPL 720.10 (3), which requires a finding of either mitigating circumstances or minimal involvement before a defendant convicted of an armed felony offense may be found to be an "eligible youth".

Because it appears that the defendant was an "eligible youth" as a matter of law (CPL 720.10 [2]), the sentence must be vacated, and he must be considered for youthful offender treatment and resentenced in accordance with the applicable statutory criteria (CPL 720.20). However, we express no view on whether the defendant should be adjudged a youthful offender. That determination rests, in the first instance, in the sound discretion of the trial court (see, People v Parris, 109 AD2d 853). Mollen, P. J., Lazer, Bracken and Eiber, JJ., concur.