■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 28, 1985, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of September 30, 1983, a 56-year-old postal

worker was attacked, beaten and robbed by a group of young men later identified as the defendant and his codefendants. The victim died about one month later. The defendant and four of his codefendants, including Kevin Bryant, were tried jointly and all were ultimately convicted of murder in the second degree (felony murder), and manslaughter in the first degree.

Previously, this court reviewed the appeal of the judgment of conviction as to the codefendant Kevin Bryant, and by order dated September 29, 1986, affirmed that judgment *(People v Bryant,* 123 AD2d 436, *lv denied* 69 NY2d 709). On this appeal, the defendant has raised several issues challenging his conviction which are identical to those which were raised by his codefendant Bryant and were found to be without merit. Specifically, he claims that the trial court abused its discretion in denying, without a hearing, the defendants' joint motion to set aside the verdict on the ground of jury misconduct, but fails to raise any arguments different from those previously considered and rejected by this court. Accordingly, we again find no basis to conclude that the trial court abused its discretion in denying this motion and in determining under the unusual facts of this case that a hearing was not warranted on this application *(see, People v Bryant, supra).*

We also find no merit to the defendant's further contentions that his guilt was not proven beyond a reasonable doubt, and that his conviction should be reversed as a matter of discretion, in the interest of justice, based upon the insufficiency and unreliability of the sole eyewitness's identification testimony *(see, People v Bryant, supra; People v Gebert,* 118 AD2d 799, *lv denied* 67 NY2d 943; *cf., People v Taylor,* 98 AD2d 269; *People v Crudup,* 100 AD2d 938).

We have reviewed the defendant's remaining contentions, including those presented by the defendant *pro se,* and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.