■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 28, 1985, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after hearings, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities (Miller, J.) and to suppress identification testimony (Aiello, J.).

Ordered that the judgment is affirmed.

On September 30, 1983, at approximately 9:15 P.M., a 56-year-old postal worker was attacked and robbed by a group of male teen-agers who left him lying in the street. The victim, whose injuries included a fractured skull and spine, died approximately one month later. Shaif Alomari, an eyewitness to the crime, and Detective Daniel Rizzo testified at the *Wade* hearing that on November 1, 1983, Mr. Alomari selected the defendant's "mug shot" from a book of photographs shown to him by the detective. After the defendant's arrest, Mr. Alomari selected the defendant, whom he had seen regularly in

the neighborhood for over two years, from a lineup. We agree with the hearing court that these procedures were fair and not suggestive. The detective's statement to Mr. Alomari that "one of the people" would be in the lineup did not render it unduly suggestive (see, People v Rodriguez, 64 NY2d 738, 740-741; People v Logan, 25 NY2d 184, 192; People v Jerome, 111 AD2d 874). There was no suggestion as to which of the lineup participants was the "one", or as to which of the five young men whose photographs Mr. Alomari had already identified would be in the lineup.

We further find that the trial court properly denied the defendant's motion to suppress his statement. Mere knowledge that a defendant has prior involvement in the criminal justice system does not obligate the police to inquire further, absent actual knowledge that a case is pending (see, People v Bertolo, 65 NY2d 111; People v Washington, 111 AD2d 418). Therefore, possession of the defendant's "mug shot", indicating a prior arrest, did not obligate the detective to seek out further information on the status of the arrest from police records or to question the defendant about whether this case was still pending and whether he had counsel on the case (see, People v McEachern, 141 Misc 2d 140).

Viewing the evidence in the light most favorable to the People, we conclude that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Moreover, upon exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's claim that the trial court improperly denied his motion to set aside the verdict without a hearing has been raised and found meritless on the appeals of his two codefendants (see, People v Taylor, 131 AD2d 708, 709, lv denied 70 NY2d 938; People v Bryant, 123 AD2d 436, 437). The issue is identical, and the defendant has not set forth any argument requiring a different result.

The defendant's sentence was not unduly harsh or excessive in light of the heinous nature of the crime, and we decline to disturb it (see, People v Suitte, 90 AD2d 80).

Finally, we have considered the defendant's remaining claims and find them to be either unpreserved for appellate review or meritless. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.