■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 30, 1987, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the court unfairly marshaled the evidence. The trial record reveals that while the court engaged in some limited discussion of the evidence in response to the jury's request for an explanation of circumstantial evidence (see, CPL 300.10 [2]), the marshaling did not deprive the defendant of a fair trial (see, People v Saunders, 64 NY2d 665). Moreover, the trial court properly instructed the jurors that they should disregard any portion of the court's summary of the evidence which conflicted with their own recollection, inasmuch as their recollection was controlling (see, e.g., People v Scales, 121 AD2d 578).

Similarly unavailing is the defendant's claim that the trial court erred in excluding evidence of an alleged statement made by the defendant's brother on the ground that it constituted hearsay. Although the defendant maintains that the statement was admissible as a declaration against penal interest, the record reveals that the defendant failed to demonstrate that (1) the declarant was unavailable to testify, (2) the declarant was aware that the statement was against his penal interest at the time of its making, (3) the declarant had competent knowledge of the facts underlying the statement, and (4) there were supporting circumstances independent of the statement which assured its trustworthiness and reliability (see, People v Thomas, 68 NY2d 194; People v Settles, 46 NY2d 154). Rather, the record establishes that the statement was not even adverse to the declarant's penal interest. Accordingly, the trial court properly found that it did not satisfy the requirements of a declaration against penal interest (see, People v Brensic, 70 NY2d 9).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.