■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WITHERSPOON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 28, 1985, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the trial court improperly ordered all spectators, except members of the press, excluded from the courtroom during reargument of his motion to set aside the verdict.

Although counsel for one of the codefendants raised an objection to the ruling by the court, the defendant's counsel did not. Accordingly, the defendant has not preserved this issue for appellate review *(see,* CPL 470.05 [2]; *People v Davis,* 151 AD2d 494). In any event, under the circumstances of this case, we cannot say that the trial court's attempt to preserve order and decorum in its courtroom was improper *(see, People v Hinton,* 31 NY2d 71; *see also, People v Jones,* 47 NY2d 409).

The defendant's assertion that the trial court improperly denied his motion to set aside the verdict on the ground of alleged juror misconduct has been considered and rejected by this court on the appeals of three of the codefendants *(see, People v Davis,* 151 AD2d 494, *supra; People v Taylor,* 131 AD2d 708; *People v Bryant,* 123 AD2d 436). The defendant has not raised any argument requiring a different result herein.

The defendant further claims that the trial court improperly interjected itself into the proceedings when it questioned the Medical Examiner with respect to the cause of the death of the decedent. The defendant's counsel did not object to the questioning and hence the issue is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Davis,* 151 AD2d 494, *supra; see also, People v Charleston,* 56 NY2d 886). In any event, the record indicates that the trial court's questioning of the Medical Examiner was neither excessive nor partial but merely served to clarify the testimony and to insure that the jury understood the evidence presented *(see, People v Robinson,* 137 AD2d 564; *People v Dunlap,* 119 AD2d 766; *People v Yut Wai Tom,* 53 NY2d 44, 56).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including his claim that his sentence was excessive, and find them to be without merit. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.