■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WATSON, Appellant.—

On September 30, 1983, a 56-year-old postal worker was attacked and robbed by a group of individuals. He died approximately one month later. The defendant was tried and convicted of murder in the second degree and robbery in the first degree. In a separate trial, five other individuals were convicted of murder in the second degree and manslaughter in the first degree in connection with this incident *(see, People v Witherspoon,* 157 AD2d 811; *People v Davis,* 151 AD2d 494; *People v Taylor,* 131 AD2d 708; *People v Bryant,* 123 AD2d 436).

The questioning of the defendant at the precinct was not a custodial interrogation and the confession made by him as a result of that questioning was properly admitted into evidence. A reasonable man in the defendant's position, innocent of any crime, would have assumed that he was free to leave the interview *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). It is clear that the defendant voluntarily accompanied the officer, who questioned him, to the precinct and that both before and during the questioning he was neither restrained nor coerced in any manner. The fact that the defendant was given his *Miranda* rights prior to the interview does not preclude a finding that a reasonable man in the defendant's position would have thought he was free to leave *(see, People v Arcese,* 148 AD2d 460; *People v Oates,* 104 AD2d 907; *People v Torres,* 97 AD2d 802).

The defendant was given his *Miranda* rights a second time and then made a second confession, which was videotaped. The defendant asserts that the second confession was a product of an unlawful arrest and that therefore it should have been suppressed *(see, Dunaway v New York,* 442 US 200). However, once the defendant confessed to participating in the attack which resulted in the death of the victim, there was probable cause to arrest him *(see,* CPL 140.10). Accordingly, the arrest was lawful and the videotaped confession that the defendant subsequently made was, as the hearing court properly found, admissible into evidence *(cf., People v Bouton,* 50 NY2d 130).

The defendant asserts that the evidence in this case was legally insufficient to establish that his actions resulted in the victim's death. The evidence adduced at trial established that the defendant and his accomplices attacked, pummeled and robbed the victim, leaving him bleeding and unconscious. According to the testimony of the Medical Examiner who performed the autopsy upon the body of the victim, as a result of the attack the victim sustained a fractured skull and spine.

While hospitalized for these injuries, the victim developed pneumonia. Although the Medical Examiner attributed the victim's death to the fractures sustained during the attack, he could not state with certainty that if the victim had not developed pneumonia, he would have, in any event, died. The Medical Examiner was, however, able to conclude that the victim's pneumonia was brought on by the injuries he sustained in the attack. Under these circumstances, there was legally sufficient evidence for a jury to to conclude that the defendant caused the victim's death *(see, People v Frankson,* 120 AD2d 672; *see also, Matter of Anthony M.,* 63 NY2d 270).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.