■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMER REESE, Appellant.—Judgment of the Supreme Court,

New York County (Jerome Marks, J.), rendered June 29, 1989, convicting defendant of murder in the second degree and manslaughter in the first degree, for which he was sentenced to concurrent terms of eighteen and a half years to life, and ten to twenty years, respectively, unanimously affirmed.

Defendant was convicted of fatally stabbing his former girlfriend outside of a bar on New Year's Eve. The altercation was observed by a witness from about thirty-five feet away, although the witness did not see a knife in the defendant's hands. The victim, upon reentering the bar, stated that "her old man" had stabbed her. The People's evidence established that defendant and the victim had had a long-standing, but recently estranged, romantic relationship. Although the victim did not die directly from the stab wounds, the stabbing necessitated surgery, and the removal of the victim's spleen. Medical evidence established that the surgery and resulting complications, including bronchial pneumonia, were the cause of death. Viewing the evidence in a light most favorable to the People (and giving due deference to the jury's findings of credibility *[People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985]), defendant's guilt was proved beyond a reasonable doubt by both direct and circumstantial evidence. Although medical evidence established that the victim suffered pre-existing cirrhosis of the liver, which might have contributed to the victim's susceptibility to post-surgery complications, defendant cannot on this basis be relieved of culpability *(Matter of Anthony M.,* 63 NY2d 270).

Defendant has failed to preserve as a matter of law his challenge to the court's charge on causation (CPL 470.05 [2]; *People v Creech,* 60 NY2d 895). We find no reason to review in the interest of justice. Nor do we find any infirmity in the court's summary of the evidence and theories of both parties, during this charge. (CPL 300.10 [2]; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047.)

Finally, addressing defendant's argument which is set forth in his *pro se* supplemental brief, there is no basis upon which we can conclude that defendant was deprived of meaningful representation *(People v Satterfield,* 66 NY2d 796, 799). Concur —Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.