■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIUS TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 28, 1985, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that the trial court improperly denied his motion to set aside the verdict on the ground of alleged juror misconduct. This argument has been considered and rejected by this court in the appeals of the defendant's four codefendants *(see, People v Witherspoon,* 157 AD2d 811; *People v Davis,* 151 AD2d 494; *People v Taylor,* 131 AD2d 708; *People v Bryant,* 123 AD2d 436). The defendant has not raised any argument requiring a different result herein.

The defendant asserts that the evidence in this case was legally insufficient to establish that the his actions resulted in the victim's death. This argument is without merit *(see, People v Watson,* 158 AD2d 731).

The defendant additionally challenges the legal sufficiency and reliability of the sole eyewitness's identification testi-

mony. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]; *see also, People v Taylor, supra; People v Bryant, supra).*

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.