■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SCHWARZ, Appellant.—Appeal by the defendant from a sentence of the County Court, Suffolk County (Mallon, J.),

imposed May 20, 1991, upon his conviction of robbery in the first degree, upon his plea of guilty, the sentence being an indeterminate term of 5 to 10 years imprisonment.

Ordered that the sentence is modified, on the law, by reducing the minimum term of imprisonment from 5 to 3⅓ years; as so modified, the sentence is affirmed.

The indeterminate sentence of from 5 to 10 years incarceration imposed by the County Court was illegal. Pursuant to Penal Law § 70.05 (3) (c) the minimum term to which a juvenile offender such as the defendant may be sentenced is one-third of the maximum. Although no objection to the sentence was made to the sentencing court, we have undertaken this review because the defendant is entitled to be sentenced as provided by law (see, People v Fuller, 57 NY2d 152).

We find no merit to the defendant's claim that the court abused its discretion in denying him youthful offender status. The defendant was indicted for murder in the second degree and robbery in the first degree. He was permitted to plead guilty to robbery in the first degree. The record indicates that although the defendant was only 15 years old at the time he committed the criminal acts which led to his conviction, he was nonetheless a knowing and willing participant in the robbery and murder of an unresisting victim. Consequently, in light of the favorable plea bargain and the defendant's culpable conduct, there is no reason to disturb the County Court's determination of this issue (see, CPL 720.10 [3]; People v Raphael, 109 AD2d 899; People v Parris, 109 AD2d 853). Mangano, P. J., Thompson, Balletta, Ritter and Copertino, JJ., concur.