■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLONDEL DOBSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered June 7, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victim was shot in the neck by the defendant after an argument on a street corner. The bullet struck the victim's spine and rendered him quadriplegic. He died approximately three months after the shooting. The medical examiner who performed the autopsy testified that the cause of death was bronchopneumonia brought on by the bullet wound to the neck and spine. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. It is clear that a rational jury could have found that the People had proven beyond a reasonable doubt that the defendant's actions " 'forged a link in the chain of causes which actually brought about the death [of the victim]' *(People v Stewart,* 40 NY2d 692, 697)" *(Matter of Anthony M.,* 63 NY2d 270, 280; *see, People v Watson,* 158 AD2d 731). Contrary to the defendant's contention, there was no evidence that the victim's death was caused by any negligent treatment administered to the victim by the treating hospital or its staff *(see, Matter of Anthony M., supra; People v Murphy,* 122 AD2d 893).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.