■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COSENTINO, Appellant. [603 NYS2d 560] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered May 31, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant Anthony Magana shot and killed John Petrocelli. Although no one actually saw the shooting, several witnesses saw them enter the apartment building where Petrocelli's girlfriend lived and heard the shots. Afterwards, they saw Petrocelli, who was bleeding, run out of the building followed by the gun-wielding defendant and his codefendant.

The defendant's first trial ended in a mistrial. The wives of the defendant and his codefendant and the defendant's son were barred from the second trial because of the disturbance

that they had created at the first trial when the jury returned with a verdict. Apparently, as a result of that disturbance, two jurors changed their votes, and a mistrial was declared.

On appeal, the defendant contends, *inter alia,* that he was deprived of his right to a public trial. The right to a public trial has always been recognized as subject to the inherent power of trial courts to administer the activities of the courtroom. Suitably within the trial court's discretion is the power to monitor admittance to the courtroom, as the circumstances require, in order to prevent overcrowding, to accommodate limited seating capacity, to maintain sanitary or health conditions and, generally, to preserve order and decorum in the courtroom *(see, People v Colon,* 71 NY2d 410, 416, *cert denied* 487 US 1239; *People v Glover,* 60 NY2d 783, *cert denied* 466 US 975; *People v Jelke,* 308 NY 56, 63; *People v Miller,* 257 NY 54, 60). Accordingly, it has been recognized that spectators can be excluded throughout a trial when they are unruly and disruptive *(see, People v Jones,* 82 AD2d 674, 678).

Here, the trial court's exclusion of three family members did not constitute an improvident exercise of discretion or a denial of the defendant's right to a public trial. The trial court, having presided over the previous trial on the same charges, witnessed the unruly and disruptive behavior of the friends and family members of the defendant and his codefendant when the verdict was announced. The trial court described their behavior as "unlike any that I've ever seen". In order to prevent a similar disturbance at the second trial, the court barred the three most disruptive family members from the courtroom. Under these circumstances, it cannot be said that the trial court's attempt to preserve order and decorum in the courtroom was improper *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 914; *People v Witherspoon,* 157 AD2d 811; *People v Mountain,* 105 AD2d 494, *affd* 66 NY2d 197).

We have considered the defendant's remaining contentions and find that they are unpreserved for appellate review *(see,* CPL 470.05 [2]) or do not warrant reversal. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.