■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [606 NYS2d 8] —Judgment, Supreme Court, New York County (James Leff, J.), rendered March 4, 1992, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentenced him as a second felony offender to a term of 7 to 14 years, to run consecutively to parole time owed on Kings County Ind. No. 6885/88, unanimously affirmed.

Defendant's sale of the heroin to the undercover officer was well established by evidence of his leading role in the transaction. Responding to the officer's request to purchase heroin, defendant directed the officer to his co-defendant, who was standing nearby, for the actual money-drug exchange, and assented to the lower price offered by the officer for the drugs. The fact that no drugs or money were recovered from defendant does not diminish the proof of guilt. Indeed, the jury could have reasonably inferred from the evidence that defendant and/or his co-defendant deposited their money and drugs at a nearby bodega before they were arrested.

Contrary to defendant's contention that several jurors were coerced, we find insufficient evidence of any outside influence *(see, People v De Lucia,* 20 NY2d 275, 279-280). At best, a few jurors were persuaded by the majority of jurors that defendant's guilt was proven beyond a reasonable doubt, a normal occurrence during the deliberative process *(see, People v Scales,* 121 AD2d 578, *lv denied* 68 NY2d 817).

Finally, we find that defendant's sentence was not excessive under the circumstances. Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ.