■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VELASQUEZ, Appellant. [737 NYS2d 304] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 7, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence regarding causation was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the causal nexus between the injuries sustained by the victim in the attack and his death beyond a reasonable doubt (*see, Matter of Anthony M.,* 63 NY2d 270, 280-281; *People v Reese,* 171 AD2d 555; *People v Watson,* 158 AD2d 731). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court's charge to the jury on causation, viewed as a whole, conveyed the proper legal standards to be applied (*see, People v Coleman,* 70 NY2d 817). Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN WAGNOON, Appellant. [736 NYS2d 914] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 27, 1998 (*People v Wagnoon,* 249 AD2d 570), affirming a judgment of the Supreme Court, Kings County, rendered January 12, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Ritter, Acting P.J., Santucci, S. Miller and H. Miller, JJ., concur.