People v White (2025 NY Slip Op 04193)

People v White

2025 NY Slip Op 04193

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2016-03789
2022-02205
 (Ind. No. 1515/11)

[*1]The People of the State of New York, respondent,
v
Donald White, appellant.

Patricia Pazner, New York, NY (William Kastin of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Michael B. Aloise, J.), rendered April 4, 2016, convicting him of murder in the second degree (two counts), robbery in the first degree, burglary in the first degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated February 22, 2022, which, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.
ORDERED that the judgment is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Queens County, for a new trial; and it is further,
ORDERED that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.
The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support his convictions, is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Kerr, 234 AD3d 794, 794). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nevertheless, the defendant is entitled to a new trial because the Supreme Court improvidently exercised its discretion in excluding a spectator from the courtroom, thereby violating the defendant's right to a public trial. "In all criminal prosecutions, the accused shall enjoy the right [*2]to a . . . public trial" (US Const 6th Amend; see US Const 14th Amend; Civil Rights Law § 12; Judiciary Law § 4). "This right has long been regarded as a fundamental privilege of the defendant in a criminal prosecution" (People v Martin, 16 NY3d 607, 611 [internal quotation marks omitted]). "The requirement of a public trial is for the benefit of the accused; that the public may see [that the accused] is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep [the accused's] triers keenly alive to a sense of their responsibility and to the importance of their functions" (Waller v Georgia, 467 US 39, 46 [internal quotation marks omitted]; see People v Muhammad, 40 NY3d 26, 34). "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury" (Waller v Georgia, 467 US at 46).
While trial courts have "inherent discretionary power to exclude members of the public from the courtroom" (People v Echevarria, 21 NY3d 1, 11 [internal quotation marks omitted]; see People v Cosentino, 198 AD2d 294, 295), that discretion "must be exercised only when unusual circumstances necessitate it" (People v Martin, 16 NY3d at 611 [internal quotation marks omitted]; see People v Reid, 40 NY3d 198, 202). "In sum, 'an affirmative act by the trial court excluding persons from the courtroom' without lawful justification constitutes a violation of the defendant's right to a public trial" (People v Muhammad, 40 NY3d at 34, quoting People v Peterson, 81 NY2d 824, 825). "A violation of the right to an open trial is not subject to harmless error analysis and a per se rule of reversal irrespective of prejudice is the only realistic means to implement this important constitutional guarantee" (People v Martin, 16 NY3d at 613 [internal quotation marks omitted]; see People v Muhammad, 40 NY3d at 34-35).
Here, after the first day of testimony had concluded and jurors had been dismissed for the day, the Supreme Court excluded a spectator from the courtroom for sleeping, which the court noted was "disrespectful" and "distracting to the jurors." The court told the spectator, who was apparently a friend of the defendant, that he was "excluded from this courtroom for the rest of this trial" and was "not to return" to the courtroom. The spectator then asked the court, "I can't come back," and the court ordered the spectator to immediately leave the courtroom. Defense counsel strenuously objected to the spectator's exclusion from the courtroom, noting that he had not heard any disturbance from the spectator and that the court had failed to provide the spectator with a warning before excluding him for the rest of the trial. The court indicated that it would not reconsider its exclusion of the spectator and repeatedly stated that it would not entertain any further argument on the issue. Defense counsel requested a mistrial, which the court denied.
The record demonstrates that the Supreme Court did not sufficiently consider whether less drastic measures could have addressed the spectator's behavior, such as warning the spectator or requesting that the spectator alter his demeanor in the courtroom (see People v Reid, 40 NY3d at 204). The court's statement the next day that the spectator was no longer excluded from the courtroom was insufficient to remedy the court's error. The spectator was not present at the time and had no reason to believe that he could return to the courtroom since he had been told the day prior that he was excluded "for the rest of this trial" (see People v Muhammad, 40 NY3d at 35-36). Moreover, the trial resumed immediately after the court stated that the spectator was no longer excluded from the courtroom, and the court made no further effort to ensure that the spectator had an opportunity to attend the trial. Defense counsel had no obligation to reiterate his previous objections to the court's exclusion of the spectator from the courtroom (cf. Presley v Georgia, 558 US 209, 214; People v Moise, 110 AD3d 49, 54). Accordingly, we reverse the judgment and order a new trial.
The defendant's remaining contentions need not be reached in light of our determination.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court