■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SORENSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 14, 1982, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was tried three times under the present indictment. The first trial resulted in a mistrial after the jury was unable to reach a verdict. After the second trial, the defendant's judgment of conviction was reversed and a new trial ordered "because of the introduction of highly prejudicial testimony, unnecessary to establish the crimes charged" *(People v Sorenson,* 70 AD2d 892). The judgment at bar resulted from defendant's third trial.

On this appeal, the defendant contends that the prosecutor's gross negligence in eliciting prejudicial testimony during the previous trial barred a retrial of this case under the double jeopardy provisions of the Federal and State Constitutions. We find no merit to defendant's contention.

In the case of *Oregon v Kennedy* (456 US 667, 675-676), the Supreme Court stated: "[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause * * * Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion".

Significantly, we reversed defendant's prior judgment of conviction not on the ground of prosecutorial misconduct, but because of the improper admission of certain testimony prejudicial to the defendant and other errors. We noted, however, that there was strong evidence presented by the prosecution against the defendant. Under all of the circumstances, we find no basis to conclude that the prosecutor in the previous trial intended to provoke defendant into requesting a mistrial or to subvert the protections afforded to defendant under the double jeopardy provisions.

We have reviewed defendant's remaining contentions and likewise find them to be without merit. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.