■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES COPELAND, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Posner, J.), dated July 31, 1985, which granted the defendant's motion to dismiss the indictment. The appeal brings up for review so much of an order of the same court, dated September 11, 1985, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 31, 1985 is dismissed, as that order was superseded by the order dated September 11, 1985, made upon reargument; and it is further,

Ordered that the order dated September 11, 1985 is reversed, insofar as reviewed, on the law, the order dated July 31, 1985 is vacated, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was arrested at 4:45 P.M. on October 28,

1984, for possession of a loaded gun; the evidence reflects that at 8:00 P.M. he was interviewed by a detective and gave a statement. The trial court correctly ruled that the People were precluded from impeaching the defendant's trial testimony with his silence in the 3¼ hours after his arrest but prior to his statement *(see, People v Conyers,* 52 NY2d 454, 457). Such silence is distinguishable from crucial exculpatory information which a defendant inexplicably omits from a statement made to the police after his arrest; the latter telling omissions may properly be used for purposes of impeachment of a defendant's trial testimony *(see, People v Savage,* 50 NY2d 673, 679, *cert denied* 449 US 1016), while the former may not *(see, Doyle v Ohio,* 426 US 610). Thus, a prior motion by the defendant for a mistrial was appropriately granted in light of the prosecutor's repeated references to that 3¼-hour silence despite instructions to the contrary by the trial court.

However, while in acting contrary to the court's warnings, the prosecutor may well have been acting intentionally, the evidence does not support the inference that his intent was to provoke a motion for a mistrial. Absent such a bad-faith intent, the misconduct does not constitute that type of prosecutorial overreaching contemplated by the United States Supreme Court as requiring the barring of reprosecution on the ground of double jeopardy *(see, United States v Dinitz,* 424 US 600). For this reason, the defendant's motion to dismiss the indictment is denied and the indictment is reinstated. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur. *[See,* 129 Misc 2d 250.]