■ In the Matter of RICHARD JORDAN, Petitioner, v JOAN O'DWYER et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondents from further prosecuting the petitioner under Queens County indictment No. 4234/87 on the ground of double jeopardy.

Adjudged that the proceeding is dismissed on the merits, with costs.

A pretrial suppression hearing was conducted in Supreme Court, Queens County, before Justice O'Dwyer on February 24 and February 29, 1988, which resulted in an order, dated March 9, 1988, granting that branch of the petitioner's motion which was to suppress identification testimony pertaining to the complainant's pretrial identification of him. At trial, the prosecutor proceeded to elicit testimony on direct examination of the complainant regarding that pretrial identification procedure. At that juncture, the trial court denied the defense counsel's motion to dismiss the indictment and granted a mistrial. Shortly thereafter, the People again moved the case to trial. The basis of the instant application is that a retrial would subject the petitioner to double jeopardy.

Unlike the situation in which a criminal trial has resulted in a judgment of acquittal, retrial of an indictment is not automatically barred where the merits of the charges against the defendant have not been finally resolved *(Matter of Plummer v Rothwax,* 63 NY2d 243, 249). Where, as here, a mistrial was granted at the request of the petitioner's trial counsel and there is no evidence of bad faith, or of an attempt by the prosecutor to provoke a mistrial motion, retrial is not barred by the double jeopardy protections *(People v Ferguson,* 67 NY2d 383, 388; *People v Presley,* 136 AD2d 949; *Matter of Owen v Harrigan,* 131 AD2d 20, 23). Mollen, P. J., Mangano, Thompson and Sullivan, JJ., concur.

■ In the Matter of AGNES M., Respondent. JERE B. FLETCHER, Appellant.—In a proceeding to settle the final account of a conservator, the appeal is from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), entered May 4, 1988, which awarded the conservator only $4,500 for uncompensated legal services performed for the conservatee.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A review of the record indicates no abuse of discretion in the determination of counsel fees. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.