(July 26, 1989)

■ PATRICK SCHOENDORF, Petitioner, v MICHAEL MULLEN et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from further prosecuting the petitioner under Suffolk County indictment number 936/1988 on the ground of double jeopardy.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner is charged with two counts of murder in the second degree for the fatal shooting of his wife. Upon questioning by the police on the day of the incident, he made oral statements which were followed two hours later by a full written confession. After a hearing, the Supreme Court, Suffolk County, suppressed those portions of the oral statements of which the petitioner was not provided notice pursuant to CPL 710.30. At the trial, after numerous efforts at clarifying the court's suppression ruling and endeavoring to adhere to the ruling in the presentation of the People's case, the prosecutor made improper references to the suppressed oral statements in his opening statement, which the jury was instructed to disregard, and, apparently inadvertently, elicited a single unresponsive answer from a detective in contravention of the ruling. The trial court granted the petitioner's motion for a mistrial, observing that the testimony was unduly prejudicial to the petitioner and deprived him of a fair trial *(see,* CPL 280.10 [1]).

The petitioner claims that the Double Jeopardy Clause bars retrial because his motion for a mistrial was provoked by deliberate prosecutorial misconduct. We disagree. Our review of the relevant portions of the record reveals that the prosecutor's conduct was not "intended to provoke the [petitioner] into moving for a mistrial" (Oregon v Kennedy, 456 US 667, 679). "Absent such a bad-faith intent, the misconduct does not constitute that type of prosecutorial overreaching contemplated by the United States Supreme Court as requiring the barring of reprosecution on the ground of double jeopardy" (People v Copeland, 127 AD2d 846, 847; see, Matter of Jordan v O'Dwyer, 152 AD2d 671; Matter of Owen v Harrigan, 131 AD2d 20). Nor is retrial interdicted by the Double Jeopardy Clause of the New York State Constitution (see, NY Const, art I, § 6; People v Presley, 136 AD2d 949). Therefore, the petitioner's claim is denied and the proceeding is dismissed. Mollen, P. J., Thompson, Brown and Spatt, JJ., concur.