■ In the Matter of JEROME PERSON, Petitioner, v ARTHUR COOPERMAN et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition to bar the retrial of the petitioner under Queens County Indictment No. 10664/91, on the ground that retrial would violate his right not to twice be placed in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner claims that the Double Jeopardy Clause bars retrial because his motion for a mistrial at the prior trial was provoked by deliberate prosecutorial misconduct. We disagree. Our review of the relevant portions of the record reveals that the prosecutor's conduct was not "intended to provoke the [petitioner] into moving for a mistrial" (Oregon v Kennedy, 456 US 667, 679). "Absent such a bad-faith intent, the misconduct does not constitute that type of prosecutorial overreaching contemplated by the United States Supreme Court as requir-

ing the barring of reprosecution on the ground of double jeopardy" *(People v Copeland,* 127 AD2d 846, 847; *see also, Schoendorf v Mullen,* 152 AD2d 715, 716). Kunzeman, J. P., Miller, O'Brien and Ritter, JJ., concur.