■ In the Matter of EDWIN ROMAN, Petitioner, v RICHARD BROWN, District Attorney, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents from further prosecuting the petitioner under Queens County Indictment Nos. 6791/90 and 1983/91, on the ground that retrial would violate his right not to twice be placed in jeopardy for the same offense, and to dismiss the indictments.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner claims that the Double Jeopardy Clause bars retrial because his motion for a mistrial at the prior trial was provoked by deliberate prosecutorial misconduct. We disagree. Our review of the relevant portions of the record reveals that the prosecutor's conduct was not "intended to provoke the [petitioner] into moving for a mistrial" *(Oregon v Kennedy,* 456 US 667, 679). "Absent such a bad-faith intent, the misconduct does not constitute the type of prosecutorial overreaching contemplated by the United States Supreme Court as requiring the barring of reprosecution on the ground of double jeopardy" *(People v Copeland,* 127 AD2d 846, 847; *see also, Schoendorf v Mullen,* 152 AD2d 715, 716). Nor is retrial prohibited by the Double Jeopardy Clause of the New York State Constitution *(see,* NY Const, art I, § 6; *People v Presley,* 136 AD2d 949). Kunzeman, J. P., Miller, O'Brien and Ritter, JJ., concur.