■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered February 21, 1990, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in a misdemeanor complaint with criminal possession of stolen property in the fifth degree. He was later indicted for burglary in the second degree, the proceeds of which had formed the basis for the misdemeanor complaint, which was then dismissed. The defendant subsequently pleaded guilty to the burglary charge contained in the indictment. He now argues that the dismissal of the misdemeanor complaint was a full disposition of that charge, and that, therefore, his burglary conviction constituted double jeopardy. We disagree.

The defendant relies on *Grady v Corbin* (495 US 508), where the Supreme Court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted" *(Grady v Corbin, supra,* at 510). Because the defendant in *Corbin* pleaded guilty, in Town Justice Court, to driving while intoxicated, the Double Jeopardy Clause barred the later prosecution of that defendant for various manslaughter-related charges arising out of the defendant's driving while intoxicated. Here, however, the defendant did not plead guilty to the misdemeanor complaint, and there was, otherwise, no adjudication on the merits. The complaint was obviously dismissed as supplanted by the burglary indictment. Accordingly, principles of double jeopardy do not bar his subsequent conviction (see, *Matter of Chang v Rotker,* 155 AD2d 49, 55; see also, CPL 170.20).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.