■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MITCHELL, Appellant. [602 NYS2d 923] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered December 21, 1989, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Double Jeopardy Clauses of the United States Constitution (US Const 5th, 14th Amends) and the New York Constitution (NY Const, art I, § 6) requires a dismissal of the indictment because his motion for a mistrial was provoked by deliberate prosecutorial misconduct. We disagree.

Although in her opening statement the prosecutor improperly referred to the defendant as a "pimp" *(see generally, People v Ventimiglia,* 52 NY2d 350, 361-362), the record does not support the defendant's claim that she did so with the intent to provoke a mistrial. "Absent such a bad-faith intent, the misconduct does not constitute the type of prosecutorial overreaching contemplated by the United States Supreme Court as requiring the barring of reprosecution on the ground of double jeopardy" *(People v Copeland,* 127 AD2d 846, 847; *see, Oregon v Kennedy,* 456 US 667, 675-676; *Schoendorf v Mullen,* 152 AD2d 715, 716). Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.