■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN RUSSELL, Respondent. [604 NYS2d 257] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated August 13, 1992, which granted the defendant's motion to dismiss the indictment on double jeopardy grounds.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The instant case proceeded to trial, and, prior to opening statements, the trial court ruled that the People could introduce evidence that the complainant's pocketbook was found "at the scene" but could not explain what "the scene" meant, i.e., the scene of the crime or of the arrest.

During her direct testimony, the complainant, in answering a question from the Assistant District Attorney, indicated that her pocketbook was found at the scene of the arrest, in violation of the court's ruling. Upon an objection by the defense, the court initially gave a curative instruction to the jury and then went further, granting a defense motion for a mistrial. Thereafter, the Supreme Court granted the defendant's motion to dismiss the indictment on the ground that

any reprosecution was barred by the principles of double jeopardy. We reverse.

The record indicates that the Assistant District Attorney's question did not necessarily call for the answer given by the witness, and, in response to the court's subsequent query, the Assistant District Attorney advised the court of the particular nonviolative answer that she had expected from this witness. The Assistant District Attorney further advised the court that she had alerted her witnesses not to give any answer which would violate the court's ruling during her testimony. Finally, during colloquy, immediately after the witness's improper answer, the defense counsel expressly conceded, and the court expressly acknowledged, that they did not believe that the Assistant District Attorney had intentionally elicited the witness's answer. Under these circumstances, the record does not support a finding that the prosecutor intended "to provoke a motion for a mistrial" *(People v Copeland,* 127 AD2d 846, 847). Therefore, reprosecution of the defendant is not barred by principles of double jeopardy *(see, Oregon v Kennedy,* 456 US 667; *People v Sorenson,* 118 AD2d 607; *People v Copeland, supra).* Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.