(February 8, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PEDRO TORRES, Respondent. [607 NYS2d 303] —Order, Supreme Court, Bronx County (Joseph Fisch, J.), entered October 19, 1992, which, *inter alia,* granted defendant's motion to dismiss the indictment, unanimously reversed, insofar as appealed from, on the law, and the indictment reinstated.

Immediately following the commencement of trial, defense counsel inquired of the prosecutor whether the complaining witness had a criminal history. The prosecutor informed him that she had become aware on that day that the complainant had one criminal conviction, and she agreed to obtain a full report on the complaining witness's criminal history before cross-examination. The trial proceeded with the direct testimony of the complainant. On the next day, a Friday, the report was not yet available. However, the trial could not have continued on that date because of the complainant's failure to appear. On Monday, a full report on the complainant's criminal history was available which revealed that he had several convictions. Moreover, defense counsel was informed that the complainant contested the existence of at least one of the reported convictions. In order to help resolve the question of whether this conviction was rightly attributed to the witness, the prosecutor had requested the file, but it had not yet been obtained. At this point, after a brief, off-the-record colloquy, the court granted defendant's motion for a mistrial and dismissed the indictment.

A prosecutor who becomes aware that a prospective witness has a criminal record, as was the case in this instance, is required to make available to the defendant a "record of judgment of conviction" prior to his or her opening statement (CPL 240.45 [1] [b]). Although the statute specifically provides that the prosecutor is not required to order a report on the criminal history of each witness, it is clear that, once such a report has been ordered and found to reveal a criminal history, such information must be released to defendant.

While the statute requires that such information be turned over prior to opening statements, in the absence of prejudice, a prosecutor generally will not be penalized for a delay in conveying such information as long as it is conveyed prior to cross-examination of the witness (see, People v Clark, 194 AD2d 868, 869, lv denied 82 NY2d 752). However, in this case the delivery of the information to defense counsel in mid-trial did create the possibility of prejudice to defendant because the complaining witness contested the existence of one of his reported prior convictions, which properly prompted defense counsel to request additional time to adequately investigate. When added to the already substantial delay occasioned by the prosecutor's failure to obtain and hand over the necessary information earlier and the complainant's failure to appear to testify, this further delay in the trial may have been sufficiently prejudicial to defendant so as to justify the granting of defendant's motion for a mistrial.

However, this delay did not justify dismissal of the indictment. Since the motion for a mistrial was made by defendant, dismissal of the indictment was required in order to avoid exposing the defendant to double jeopardy only if the prosecutor's conduct was so egregious as to give rise to the inference that he or she deliberately provoked the mistrial (see, Oregon v Kennedy, 456 US 667, 675-676). There is no such suggestion here.

Moreover, dismissal of the indictment cannot be justified under the alternate theory that it was an appropriate sanction for the prosecution's failure to comply with discovery requirements under CPL 240.70. Particularly in light of the prosecutor's statement that she had not learned of the complainant's criminal history until the day upon which trial commenced, along with the absence of any indication that the additional delay was anything other than inadvertent, such a drastic sanction was clearly unwarranted (see, People v Anderson, 66 NY2d 529, 537; People v Kelly, 62 NY2d 516, 521). Concur—Murphy, P. J., Carro, Ellerin and Kupferman, JJ.