■ In the Matter of ARTHUR DAVIS, Petitioner, v RICHARD A. BROWN et al., Respondents. [626 NYS2d 234] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying the petitioner under Queens County Indictment No.

3592/94 on the ground that a retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner claims that a retrial under Indictment No. 3592/94 is barred because his motion for a mistrial at the prior trial was provoked by deliberate prosecutorial misconduct. We disagree. Our review of the record reveals that the prosecutor's conduct was not intended to provoke the petitioner to move for a mistrial *(see, Oregon v Kennedy,* 456 US 667; *see also, Matter of Roman v Brown,* 175 AD2d 899).

We reject the petitioner's contention that the mistrial was granted without his consent and over his objection *(see generally, People v Ferguson,* 67 NY2d 383). While the petitioner made a request for a mistrial with prejudice, he waited until after the court ordered a mistrial without prejudice to inform the court that he did not want a mistrial *unless* it was with prejudice *(cf., United States v Huang,* 960 F2d 1128). At that point it was within the discretion of the trial court to deny the petitioner's motion to withdraw his request for a mistrial *(see, People v Catten,* 69 NY2d 547), and the trial court did not improvidently exercise its discretion. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.