■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT BOWMAN, Appellant. [626 NYS2d 974] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered January 12, 1993, convicting him of manslaughter in the first degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the indictment should be dismissed on double jeopardy grounds is lacking in merit *(see, US Const 5th, 14th Amends; NY Const, art I, § 6).* It is settled that "where the defendant either requests a mistrial or consents to its declaration, the double jeopardy clauses do not ordinarily bar a second trial" *(People v Ferguson,* 67 NY2d 383, 388; *see also, Oregon v Kennedy,* 456 US 667, 673; *People v Catten,* 69 NY2d 547, 554). Here, the court granted the mistrial upon the defendant's application.

Moreover, and contrary to the defendant's contentions, the record does not support a finding that the prosecutor intended " 'to provoke a motion for a mistrial' " *(People v Copeland,* 127 AD2d 846, 847; *see also, Oregon v Kennedy, supra,* 456 US 667; *People v Torres,* 201 AD2d 294; *People v Russell,* 199 AD2d 345; *People v Mitchell,* 197 AD2d 709; *Matter of Roman v Brown,* 175 AD2d 899; *Schoendorf v Mullen,* 152 AD2d 715). Accordingly, re-prosecution of the defendant was not barred by principles of double jeopardy. Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.