US 738; *People v Paige*, 54 AD2d 631; cf., *People v Gonzalez*, 47 NY2d 606). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK HART, Respondent. [628 NYS2d 743] —Appeal by the People from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated March 17, 1994, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law and the facts, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

During the cross-examination of a police detective who was

the affiant in support of the search warrant used to gain entry to the defendant's apartment, defense counsel submitted the detective's affidavit into evidence. Defense counsel then asked the detective to read those portions of the affidavit which related to what a confidential informant told the detective regarding drug activities of the defendant's nephew in the apartment. This cross-examination created the inference that the defendant's nephew was the only person whom the confidential informant witnessed selling drugs. This tack supported the defense theory that the drugs found in the apartment were in the possession of the defendant's nephew only and not in the defendant's possession.

On redirect examination, the prosecutor was able to elicit from the detective that not all of the information provided by the confidential informant was contained in the affidavit. The prosecutor made an offer of proof but the trial court held that the prosecutor would be precluded from asking the detective whether the informant had also connected the defendant with the drugs. When the prosecutor tried to elicit this information, the trial court, upon defense counsel's request, granted a mistrial based on what the court characterized as the prosecutor's disregard of the court's ruling, and dismissed the indictment with prejudice, holding that double jeopardy barred a retrial.

It was error to preclude the police officer from testifying as to the oral information obtained from the confidential informant concerning the defendant's connection with the drugs. The defendant introduced on cross-examination hearsay statements contained in the affidavit in support of the search warrant, creating the inference that only the defendant's nephew was engaged in drug activities in the apartment. This cross-examination opened the door to further hearsay statements concerning the confidential informant's observations of the defendant *(see, People v Melendez,* 55 NY2d 445; *People v Pellechia,* 144 AD2d 704). Although the prosecutor persisted in seeking to introduce the countervaling hearsay statements despite the court's rulings, double jeopardy does not bar a retrial inasmuch as there was no indication on this record that the prosecutor acted in bad faith or intended to provoke the defendant into moving for a mistrial *(see, Oregon v Kentucky,* 456 US 667; *People v Mitchell,* 197 AD2d 709; *Matter of Roman v Brown,* 175 AD2d 899; *Schoendorf v Mullen,* 152 AD2d 715; *People v Copeland,* 127 AD2d 846). Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.