■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE THOMAS, Appellant. [630 NYS2d 934] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 7, 1993, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Egitto, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence adduced at the *Wade* hearing supports the hearing court's determination that the complainant's identification of the defendant and his codefendant was confirmatory *(see, People v Budhai,* 182 AD2d 693; *People v Brown,* 161 AD2d 721; *People v Toussant,* 136 AD2d 666).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There was sufficient evidence for the jury to infer that the defendant and his codefendant intended to kill the complainant *(see, People v Dixon,* 174 AD2d 689; *People v Perron,* 172 AD2d 879) and that they were acting in concert when the other victim was killed *(see, People v McLeod,* 168 AD2d 461). It is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier-of-fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Double jeopardy did not bar the second trial in this case because the first mistrial was not granted as a result of bad faith on the part of the prosecutor *(see, Matter of Roman v Brown,* 175 AD2d 899; *People v Sorenson,* 118 AD2d 607).

The defendant's remaining contentions are either unpreserved for appellate review or do not warrant reversal. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.