■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELIZABETH WIRTH, Respondent. [637 NYS2d 546] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Oswego County Court for

further proceedings on indictment. Memorandum: The People appeal from an order granting defendant's motion to bar on double jeopardy grounds a retrial following a mistrial. Ordinarily, double jeopardy does not bar a retrial of a defendant who successfully moves for a mistrial, but an exception exists where "the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial" *(Oregon v Kennedy,* 456 US 667, 679). Contrary to the conclusion of County Court, we conclude that the conduct of the prosecutor was not aimed at scuttling the trial. Thus, a retrial is not barred by double jeopardy.

In her confession, defendant contended that she justifiably shot decedent during his assault of his wife, Charlotte Havens. The indictment, as amplified by the bill of particulars, charged defendant with shooting decedent "independently". In his opening statement, the prosecutor indicated that he intended to prove that defendant, in the year before the shooting, had schemed with Havens and her paramour, Brian Root, to kill decedent. After the prosecutor had called 11 witnesses, defendant protested that, if Root were called, she would be forced to move for a mistrial because Root would testify regarding an uncharged conspiracy involving Havens. After the court rejected defense counsel's efforts to preclude Root's testimony, the prosecutor examined Root. The prosecutor elicited testimony from Root that Havens was present on numerous occasions when defendant solicited Root's assistance in killing decedent and when defendant described her plot to kill decedent in a manner very similar to what eventually occurred; the prosecutor did not elicit testimony that Havens wanted her husband's death or participated in defendant's plans. On cross-examination of Root, defense counsel elicited testimony that Havens was more than a silent presence during those conversations; Root testified, "A lot of times I would just sit there and listen to them plan to kill [Havens'] husband". Defendant's subsequent motion for a mistrial was granted on the ground that the introduction of the conspiracy evidence to establish defendant's motive and intent exceeded the scope of the theory of liability charged in the indictment. We conclude that, although the prosecutor's actions were not free of error, the record on the whole does not demonstrate circumstances sufficient to support the initial mistrial determination, much less to bar a retrial.

Although the prosecutor should have obtained a prior ruling on the admissibility of evidence of uncharged crimes, the record reflects that defendant was aware of the content of Root's

testimony prior to trial and that defense counsel was able to cross-examine the witness effectively, and the evidence was otherwise admissible (see, People v Wilcox, 194 AD2d 820, 821; People v Holloway, 185 AD2d 646, 647, lv denied 80 NY2d 1027). In addition, the evidence concerning defendant's uncharged crimes of criminal solicitation and conspiracy was admissible to establish defendant's motive and intent in shooting decedent and to rebut the defense of justification (see, People v Alvino, 71 NY2d 233, 241-242; People v Molineux, 168 NY 264, 293; People v Wright, 167 AD2d 959, 960, lv denied 77 NY2d 845; People v Hodge, 141 AD2d 843, 845-846, lv denied 72 NY2d 1046). While submission to the jury of a theory of culpability different from that set forth in the indictment is improper (see, People v Rivera, 84 NY2d 766, 769; People v Grega, 72 NY2d 489, 495-496), here, the prosecutor strenuously argued that he did not seek to charge defendant with conspiracy because there was insufficient evidence that defendant acted as a co-conspirator on the night of the homicide. Moreover, the prosecutor requested limiting instructions regarding the evidence. Thus, the record establishes that the prosecutor was not seeking a conviction on a theory not charged in the indictment, but sought merely to introduce evidence for the permissible purpose of establishing defendant's motive and intent.

We also disagree with the court's conclusion that the prosecution watched "its case go from weak, to doomed" and intentionally engaged in conduct designed to prompt defendant's mistrial motion. In his opening statement, the prosecutor stated that he intended to present the testimony of Root regarding defendant's participation in criminal solicitation and conspiracy as it pertained to the defense of justification. Although he did not seek an advance ruling on the admissibility of that evidence, the prosecutor restricted his examination of Root, and, in response to defendant's objections to the conspiracy evidence and the court's concerns, did not elicit evidence that Havens conspired with defendant. Based upon the record as a whole, we cannot agree that the prosecutor engaged in intentional misconduct sufficient to bar a retrial on double jeopardy grounds (see, People v Russell, 199 AD2d 345; Matter of De Canzio v Kennedy, 67 AD2d 111, lv denied 47 NY2d 709). (Appeal from Order of Oswego County Court, Brandt, J.— Dismiss Indictment.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.