■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBSY MILLER, Appellant. [639 NYS2d 50] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Demarest, J.), both rendered August 27, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), one count of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree (two counts) under Indictment No. 3753/91, upon a jury verdict, and criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree under Indictment No. 6140/91, upon his plea of guilty, and imposing sentences.

Ordered that the judgment under Indictment No. 3753/91 is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the judgment under Indictment No. 6140/91 is affirmed.

We agree with the defendant that the trial court improperly excluded his children from the courtroom merely because they were under 12 years of age. This denied the defendant his right to a public trial and the conviction under Indictment No. 3753/91 must be reversed (*see*, *People v Gutierez*, 86 NY2d 817; *see also*, *People v Parrish*, 224 AD2d 553).

We reject the defendant's contention that his plea of guilty to Indictment No. 6140/91 must be vacated. At the plea proceedings on August 27, 1992, the defendant specifically

acknowledged that he was waiving the right to appeal from the judgment under Indictment No. 6140/91, while he was still retaining the right to appeal his conviction under Indictment No. 3753/91. Therefore, it was clear that the defendant was aware at the time he pleaded guilty that there was a possibility that his conviction under Indictment No. 3753/91 might be reversed. The defendant is not entitled to an opportunity to withdraw the plea of guilty merely because the conviction under Indictment No. 3753/91 is being reversed (*cf., People v Clark*, 45 NY2d 432). Bracken, J. P., Miller, Sullivan and Florio, JJ., concur.