THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN MAY, Appellant. [644 NYS2d 525]

It is undisputed that Alan Jordan, who witnessed the events alleged in the indictment, was promised a favorable sentence on unrelated charges which were then pending against him in exchange for his trial testimony against the defendant. It is also undisputed that the prosecution failed to disclose this arrangement to the defendant, and failed to correct Jordan's false statement to the effect that he had not been promised any consideration in return for his testimony.

The prosecution concedes that it erred in failing to disclose the arrangement with Jordan, and in failing to correct Jordan's statement that no arrangement existed *(see, Brady v Maryland,* 373 US 83; *People v Steadman,* 82 NY2d 1; *People v Wooley,* 200 AD2d 644). Considering the significance of Jordan's eyewitness testimony, we cannot deem the error harmless beyond a reasonable doubt *(see, People v Steadman, supra,* at 8-9; *People v Crimmins,* 36 NY2d 230).

We find no merit, however, to the defendant's contention that the Double Jeopardy Clauses of the United States Constitution (US Const 5th, 14th Amends) and the New York Constitution (NY Const, art I, § 6) require dismissal of the indictment, inasmuch as the record does not support a conclusion that the error was made with bad-faith intent on the part of the prosecution *(see, United States v Wallach,* 979 F2d 912; *People v Mitchell,* 197 AD2d 709; *People v Copeland,* 127 AD2d 846).

In light of our determination, we need not reach the defendant's remaining contentions. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.