■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN DANIELS, Appellant. [655 NYS2d 582] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered July 18, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence for that crime and the crime of criminal possession of a controlled substance in the seventh degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed for the crime of criminal possession of a controlled substance in the seventh degree; as so modified, the judgment is affirmed.

Under the circumstances of this case, we find that the defendant's right to a public trial was not violated by the court's exclusion of a toddler, apparently the defendant's child. The court permitted other family members to remain in the courtroom and its attempt to otherwise preserve order and decorum in the courtroom was not improper (see, People v Cosentino, 198 AD2d 294; People v Witherspoon, 157 AD2d 811). This case is distinguishable from the situation in People v

*Miller* (224 AD2d 639) where the Court excluded the defendant's two school-aged children who had previously been sitting quietly in the courtroom based on the Court's "standing policy" not to permit children younger than 12 years of age in the courtroom. There is no contention in the instant case that the child's mother was excluded from the courtroom *(cf., People v Scott,* 237 AD2d 544 [decided herewith]; *People v Gayle,* 237 AD2d 532 [decided herewith]).

The sentence imposed for the defendant's conviction of criminal sale of a controlled substance in the third degree was not excessive *(see, People v Suitte,* 90 AD2d 80). However, the court improperly imposed a sentence for criminal possession of a controlled substance in the seventh degree, a crime for which the defendant was not convicted. Consequently, as the People concede, that sentence must be vacated.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.