◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BUFFIN, Appellant. [665 NYS2d 242] —Judgment unanimously affirmed. Memorandum: Because of an inadvertent reference by a witness to a "photo array" at defendant's first trial, defense counsel moved for a mistrial. Over the People's objection, defendant's motion for a mistrial was granted and, without objection, a new trial was scheduled. Defendant was convicted, after the retrial, of manslaughter in the first degree (Penal Law § 125.20).

Although defendant's trial counsel failed to object to a retrial on the ground of double jeopardy, "a claim that the constitutional prohibitions against double jeopardy have been violated poses a question of law [that is] reviewable * * * despite the failure to raise that defense before the trial court" (*People v Michael*, 48 NY2d 1, 6-7). Nevertheless, we reject the contention of defendant that double jeopardy bars his second trial. Although a retrial is barred where the prosecutor "deliberately provokes a mistrial" (*Matter of Davis v Brown*, 87 NY2d 626, 630), here the reference by the witness to a "photo array" was not the result of a deliberate attempt by the prosecutor to

provoke an improper response (*see, People v Presley,* 136 AD2d 949, *lv denied* 71 NY2d 1031). Further, even if the prosecutor had intended to elicit the response, such " 'misconduct does not constitute that type of prosecutorial overreaching * * * [that would bar] reprosecution on the ground of double jeopardy' " (*Schoendorf v Mullen,* 152 AD2d 715, 716, quoting *People v Copeland,* 127 AD2d 846, 847).

The contention of defendant that the failure of trial counsel to object to a retrial on double jeopardy grounds constitutes ineffective assistance of counsel is without merit (*see, People v Baldi,* 54 NY2d 137, 147; *People v Banks,* 108 AD2d 1016, 1017).

We further reject the contention of defendant that he was deprived of a fair trial because two prosecution witnesses, Woods and Oakley, testified that the victim whispered to them that it was "Atlanta", later identified as defendant, at the door. By failing to object to the testimony of Woods, defendant failed to preserve for our review his contention with respect to Woods (*see,* CPL 470.05 [2]). Although defendant objected to the testimony of Oakley regarding the victim's statement, any error in admitting the testimony was harmless; the evidence against defendant is overwhelming, and there is no significant probability that, absent the error, the jury would have acquitted defendant (*see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230, 242). At trial, both Woods and Oakley identified defendant as the perpetrator. Woods testified that, when he left the house, he observed defendant on the porch holding a gun; that defendant fired the gun at him; and that as he ran away he heard another gunshot and heard the victim moan. Oakley testified that he heard a gunshot shortly after Woods left the house and that, when he came into the kitchen, he observed the victim lying on the floor and defendant standing over the victim holding a gun. Further, the substance of Oakley's testimony regarding the victim's identification of defendant had already been presented to the jury during both the direct examination and cross-examination of Woods.

The verdict is not against the weight of the evidence. The record establishes that the jury gave "the evidence the weight it should be accorded" (*People v Bleakley,* 69 NY2d 490, 495).

Finally, in light of the callous nature of the' crime, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.