■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO RUISE, Appellant. [669 NYS2d 711] —Crew III, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered March 20, 1996 in Schenectady County, upon a verdict convicting defendant of the crimes of burglary in the second degree, grand larceny in the fourth degree and intimidating a witness in the third degree.

On December 14, 1994, defendant was indicted and charged with burglary in the second degree, grand larceny in the fourth degree and criminal mischief in the fourth degree, all in regard to an incident that occurred on March 20, 1994 in the City of Schenectady, Schenectady County, wherein the apartment of Sandra Albarati was burglarized and a number of televisions and VCRs were stolen. Defendant also was charged in the indictment with intimidating a victim or witness in the third degree. Following a jury trial, defendant was convicted of burglary in the second degree, grand larceny in the fourth degree and intimidating a victim or witness in the third degree and sentenced to concurrent indeterminate terms of imprisonment of 3 to 9 years on the burglary charge and 1⅓ to 4 years on the larceny charge. Additionally, defendant was sentenced to a consecutive indeterminate term of imprisonment of 1⅓ to 4 years on the intimidating a victim or witness charge. Defendant now appeals.

We find only one issue worthy of comment. Defendant asserts that he was denied effective assistance of counsel due to the failure of his attorney to make a timely motion to dismiss the indictment on double jeopardy grounds. The record reflects that subsequent to the burglary but prior to indictment, defendant sold two of the VCRs stolen during the course of said burglary. As a consequence, defendant was charged in two misdemeanor informations with criminal possession of stolen

property in the fifth degree. Prior to defendant's trial on the instant indictment, he was permitted to plead guilty in Schenectady City Court to a misdemeanor information charging him with aggravated harassment in the second degree in satisfaction of such charge and the two informations charging him with criminal possession of stolen property in the fifth degree. As a consequence, the latter two charges were dismissed.

At or near the time of trial on the burglary indictment, counsel for defendant moved to dismiss the indictment on the ground that defendant had been the subject of a previous prosecution within the meaning of CPL article 40 and the Double Jeopardy Clause of the Federal Constitution (US Const 5th, 14th Amends). Supreme Court denied the motion as untimely, prompting defendant's claim of ineffective assistance of counsel.

Even assuming counsel to have been deficient in this regard, inasmuch as defendant suffered no prejudice there can be no finding of ineffectiveness (*see, People v Frascatore*, 200 AD2d 860, 861). In order for defendant to be deemed to have been previously prosecuted, his prior charges need have proceeded to trial or terminated in conviction upon a guilty plea. Inasmuch as the prior charges against defendant were dismissed in City Court, the principles of double jeopardy did not bar his subsequent conviction (*see, People v Walker*, 181 AD2d 703, *lv denied* 79 NY2d 1055). We have considered defendant's remaining contentions and find them equally without merit.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.