■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JOHNSON, Also Known as GREGORY TAYLOR, Appellant. [707 NYS2d 132] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Gary, J.), both rendered April 25, 1997, convicting him of burglary in the second degree under Indictment No. 9337/95, upon a jury verdict, and burglary in the third degree under Indictment No. 11532/96, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The Supreme Court properly denied the defendant's speedy trial motion, as the period of time from the issuance of the bench warrant to his subsequent arrest was not chargeable to the People (*see,* CPL 30.30 [4] [former (c)]; *People v Sigismundi,* 89 NY2d 587). The record establishes that the defendant attempted to avoid apprehension and prosecution by the use of aliases and false addresses (*see, People v Garrett,* 171 AD2d 153). Contrary to the defendant's contention, his brief appearance at the parole office before his scheduled appointment did

not cause his location to become known. Having demonstrated the defendant's active avoidance of prosecution, the People were not required to demonstrate due diligence (*see, People v Sigismundi, supra,* at 592; *People v Torres,* 88 NY2d 928, 931).

The defendant waived his right to appeal in connection with his guilty plea under Indictment No. 11532/96. Notwithstanding the waiver, he now claims that the judgment of conviction rendered under that indictment number should be reversed in the event that we reverse the judgment of conviction rendered under Indictment No. 9337/95, as his plea was taken in reliance on the judgment rendered on his conviction under Indictment No. 9337/95.

A waiver of the right to appeal encompasses all appealable issues, except that where important public policy concerns dictate, a claim may survive a bargained-for waiver (*see, People v Hidalgo,* 91 NY2d 733, 735-736). The instant claim is not such a claim (*see, People v Miller,* 224 AD2d 639; *see also, People v Lowrance,* 41 NY2d 303). In any event, in light of our affirmance of the judgment of conviction rendered under Indictment No. 9337/95, there is no basis for reversal of the judgment of conviction rendered under Indictment No. 11532/96 (*see, People v Landy,* 59 NY2d 369, 377). Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.