■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JOHNSON, Also Known as GREGORY TAYLOR, Appellant. [707 NYS2d 839] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered January 28, 1998, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant waived his right to appeal in connection with his guilty plea. Notwithstanding the waiver, he now claims that the judgment should be reversed in the event of a reversal of a separate, unrelated judgment of the Supreme Court, Kings County (Gary, J.), rendered April 25, 1997, convicting him of burglary in the second degree under Kings County Indictment No. 9337/95, upon a jury verdict, and imposing sentence (*see, People v Johnson,* 271 AD2d 457 [decided herewith]), as his plea was taken in reliance upon the conviction after trial.

A waiver of the right to appeal encompasses all appealable issues, except that where important public policy concerns dictate, a claim may survive a bargained-for waiver (*see, People v Hidalgo,* 91 NY2d 733, 735-736). The instant claim is not one which survives the bargained-for waiver of the defendant's

right to appeal because of important public policy concerns (*see, People v Miller,* 224 AD2d 639; *see also, People v Lowrance,* 41 NY2d 303). In any event, in light of our affirmance of the judgment of conviction in the related case (*see, People v Johnson, supra*), there is no basis for reversal of the instant judgment (*see, People v Landy,* 59 NY2d 369, 377). Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.