■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST ROGERS, Appellant. [715 NYS2d 353] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to suppress statements and physical evidence obtained by the police on the ground that the police exceeded the scope of permissible questioning during their initial encounter with him (*see, People v Hollman,* 79 NY2d 181, 184-185). That contention, however, was not raised in defendant's motion papers or at the *Huntley* hearing, and it is thus not preserved for our review (*see, People v Jamison,* 219 AD2d 853, *lv denied* 87 NY2d 974, 88 NY2d 966). Defendant's posthearing memorandum of law did not preserve the contention for our review because the contention "was not raised at a time when the People had an evidentiary opportunity to counter" it (*People v Rodriguez,* 188 AD2d 564, *lv denied* 81 NY2d 892).

Viewed in the light most favorable to the People, the circumstantial evidence is legally sufficient to establish defendant's guilt (*see, People v Williams,* 84 NY2d 925, 926; *People v Brown,* 231 AD2d 956, 957). We reject the contention of defendant that double jeopardy bars his second trial. The misconduct prompting defendant's motions for a mistrial at the first trial "does not constitute that type of prosecutorial over-reaching * * * [that would bar] reprosecution on the ground of double jeopardy" (*People v Copeland,* 127 AD2d 846, 847; *see, People v Buffin,* 244 AD2d 925, 926, *lv denied* 91 NY2d 924). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see,* CPL 470.05 [2]; *People v Kidd,* 265 AD2d 859, *lv denied* 94 NY2d 824), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe.

We reject the contention, raised in the *pro se* supplemental brief, that defendant was denied effective assistance of counsel based upon counsel's failure to move to dismiss the indictment on the ground of double jeopardy. That motion would have been unsuccessful, and thus, "inasmuch as defendant suffered no prejudice[,] there can be no finding of ineffectiveness" (*People v Ruise,* 248 AD2d 749, 750, *lv denied* 92 NY2d 860). The other alleged instance of ineffectiveness is based upon materials outside the record and thus is not subject to review on direct appeal (*see, People v Williams,* 272 AD2d 986; *People v Ford,* 184 AD2d 1013, *lv denied* 80 NY2d 929). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.