■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREL BOONE, Appellant. [731 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 27, 1998, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing a sentence of an indeterminate term of 7 to 14 years' imprisonment.

Ordered that the judgment is modified as a matter of discretion in the interest of justice, by reducing the sentence imposed from an indeterminate term of 7 to 14 years' imprisonment to an indeterminate term of 4 to 8 years' imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the Double Jeopardy Clauses of the United States Constitution (US Const 5th, 14th Amends) and the New York Constitution (NY Const, art I, § 6) did not bar his retrial because his motion for a mistrial was provoked by deliberate prosecutorial misconduct. Although the prosecutor elicited evidence which was both irrelevant and possibly prejudicial to the defendant, there is no indication that he did so with a bad-faith intent to provoke a mistrial (*see, Oregon v Kennedy,* 456 US 667; *Matter of Davis v Brown,* 87 NY2d 626; *People v Key,* 45 NY2d 111, 119; *People v Hart,* 216 AD2d 486; *People v Mitchell,* 197 AD2d 709; *Matter of Roman v Brown,* 175 AD2d 899). "Absent such a bad-faith intent, the misconduct does not constitute that type of prosecutorial overreaching contemplated by the United States Supreme Court as requiring the barring of reprosecution on the ground of double jeopardy" (*People v Copeland,* 127 AD2d 846, 847; *see, Oregon v Kennedy, supra,* at 675-676).

However, we conclude that the sentence should be modified to the extent indicated as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6]). On the date of the incident, the defendant's 14-year-old daughter was treated at Woodhull Hospital after being sexually assaulted at gunpoint by two perpetrators on the roof of her apartment building. It is undisputed that the defendant committed this offense after visiting his daughter at the hospital and being informed that the victim was one of the two assailants.

At the time of his conviction, the defendant was a 42-year-old gainfully-employed father of three children with no prior contacts with the criminal justice system. He has consistently

expressed his remorse for committing this brutal crime. He cooperated with the police fully after the incident, admitted that he killed the victim, and told them where the gun and hammer used during the incident were located. The psychiatrists for both the prosecution and the defense determined that the defendant acted under extreme emotional disturbance when he committed this offense. The crime was clearly an aberrational act on the defendant's part. Indeed, the sentencing court noted that the defendant was an otherwise law-abiding citizen who "snapped." Accordingly, without disputing or minimizing the ruthless nature of the crime set out by the dissent, we conclude that a reduction in sentence is warranted by the extraordinary circumstances of this case. S. Miller, J. P., Friedmann and H. Miller, JJ., concur.

Smith, J., concurs in part and dissents in part and votes to affirm the judgment, with the following memorandum. The sentence imposed upon the defendant of 7 to 14 years' imprisonment was an appropriate exercise of the trial court's discretion under the facts and circumstances of this case (*see, People v Farrar,* 52 NY2d 302, *People v Suitte,* 90 AD2d 80; *see generally, People v Santiago,* 274 AD2d 438), and I would not modify it downward.

Initially, it is undisputed that the defendant admitted that he killed the 17-year-old victim. His position at trial was that he had acted under extreme emotional disturbance upon being informed that his daughter had allegedly been sexually assaulted by the victim. It is also undisputed that upon hearing the allegation, the defendant went to his apartment, retrieved an unlicensed handgun and a hammer, and searched for the victim intending to do him harm. Upon finding the victim, the defendant accused him of the attack which the victim denied. As the victim turned to flee, the defendant shot the 17-year-old victim in the back. After the victim fell to the ground, the defendant went over to him and beat him on the head and body with the hammer until he appeared dead. The jury convicted the defendant of manslaughter in the first degree, having found beyond a reasonable doubt that the defendant intentionally killed the victim, but did so under the effect of extreme emotional disturbance.

The Supreme Court, at the time of sentencing, took into account the circumstances of the crime and the fact that the defendant had no previous record. The Supreme Court also took under advisement the comments of the families and friends of both the defendant and the victim, as well as the psychiatric evaluations presented by both the defense and prosecution.

The Supreme Court opined that this was the most tragic case it had encountered in its seven years on the bench. However, the Supreme Court reached the inevitable conclusion that the act of the defendant was naked vigilantism which serves to undermine the public order. The conduct was an unconscionable act of wanton and senseless violence. After balancing the equities, the Supreme Court sentenced the defendant to an indeterminate term of 7 to 14 years' imprisonment. This sentence was centered between the statutory minimum of 3 to 6 years and the statutory maximum of 12½ to 25 years.

In reviewing the facts and circumstances of this case, I cannot agree with my colleagues that the sentence imposed by the Supreme Court was an improvident exercise of discretion resulting in an excessive sentence. While the jury found that the defendant acted under extreme emotional disturbance which served to mitigate his conduct, the inescapable brutality of this act cannot be overlooked. The defendant first shot the teenaged victim in the back and then repeatedly beat him with a hammer. This violence was initiated by the accusation of the defendant's 14-year-old daughter, and at the time of the homicidal act her veracity had not been established to any degree of certainty.

This Court should modify the sentencing decisions of the trial court only in the most egregious situations. In the present case, the Supreme Court properly noted that as a society we cannot be seen to condone a vigilante response to allegations of criminal behavior even if they pertain to allegedly heinous behavior. The Supreme Court appropriately balanced the defendant's conduct and his previously law-abiding life with the loss of the life of the teenage victim, who was never given the opportunity to face his accuser in a court of law. Therefore, I would vote to affirm the sentence as handed down by the Supreme Court (*see, People v Suitte,* 90 AD2d 80).