■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LEWIS MORALES, JR., Appellant. [765 NYS2d 918] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 17, 1998, upon a verdict convicting defendant of the crime of conspiracy in the second degree.

Defendant appeals from his conviction and sentence, after trial, of conspiracy in the second degree for which he was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 12½ to 25 years. Defendant initially contends that his right to a speedy trial was violated in that the People's announcement of readiness as to the original indictment was illusory, thereby necessitating the filing of a superseding indictment. We disagree.

The record reflects that defendant was arrested and arraigned on a felony complaint on July 13, 1996. Thereafter, he was indicted and arraignment was scheduled for December 16,

1996. At defense counsel's request, the arraignment was rescheduled to January 7, 1997, at which time defendant was arraigned and the People filed a notice of readiness for trial. The People subsequently filed a superseding indictment, upon which defendant was arraigned on June 9, 1997, at which time the People filed a second notice of readiness for trial.

County Court found, and the record reflects, that the People were chargeable with 156 days of delay constituting the period between defendant's arraignment on the felony complaint and his scheduled arraignment on the indictment on December 16, 1996. The ensuing delay to January 7, 1997 was chargeable to defendant, who had requested an adjournment of the scheduled arraignment. Accordingly, the People were ready for trial well within the required 180-day period (see CPL 30.30). Defendant argues, however, that upon the filing of the superseding indictment, the People somehow became "unready." We disagree. Absent any demonstration of postreadiness delay, and there is none here, it is clear that a superseding indictment relates back to the commencement of the criminal proceeding for purposes of the six-month readiness rule (see People v Sinistaj, 67 NY2d 236, 239 [1986]).

Next, defendant contends that County Court erred in admitting testimony regarding an uncharged crime in violation of the *Molineux/Ventimiglia* requirements. Again, we disagree. Contrary to defendant's assertion, the uncharged crime evidence of which he complains was not admitted as a *Molineux* exception but, rather, as evidence of an overt act committed by defendant in furtherance of the conspiracy. It is axiomatic that evidence of overt acts not charged in the indictment may be introduced at trial, provided "the indictment provides sufficient detail about the scope and nature of the conspiracy and the major overt acts committed in furtherance of it" (*People v Ribowsky,* 77 NY2d 284, 292-293 [1991]).

We likewise find without merit defendant's contention that he was denied his constitutional right to a public trial when members of a codefendant's family were excluded from the courtroom. The record reflects that a court officer advised the wife of a codefendant that she could not bring her three-year-old toddler into the courtroom because the child might make disruptive noise; the wife made clear, however, that she was not excluded from the courtroom. The record also reflects that the court officer acted in accordance with a policy established by County Court. Quite clearly, the court was authorized to preserve order and decorum in the courtroom, and its policy here was not violative of defendant's constitutional rights (*see*

*People v Daniels,* 237 AD2d 529 [1997], *lvs denied* 90 NY2d 857, 1010 [1997]). We have considered defendant's remaining contentions, including his assertion that the conviction is not supported by legally sufficient evidence and is against the weight of the evidence, and find them equally without merit.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.