■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH DAVIS, Appellant. [840 NYS2d 630]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Brennan, J.), rendered October 28, 2004, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of 20 years to life on each of the convictions of robbery in the first degree, and 15 years to life on the conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant was retried after his first trial ended in a mistrial. The defendant's retrial was not barred by double jeopardy because the defense counsel consented to the mistrial (*see People v Smith*, 12 AD3d 219, 220 [2004]; *People v Robertson*, 302 AD2d 956 [2003]; *People v Scarbrough*, 254 AD2d 824 [1998]; *People v Bowman*, 215 AD2d 398, 399 [1995]). The defendant's personal consent to the mistrial was not required, and the court was not required to inquire whether the defense counsel had consulted with the defendant (*see People v Ferguson*, 67 NY2d 383, 389-390 [1986]).

Under the circumstances of this case, the defendant's right to a public trial was not violated by the court's exclusion of the defendant's four-year-old child (*see People v Morales*, 309 AD2d 1065, 1066 [2003]; *People v Daniels*, 237 AD2d 529 [1997]). This case is distinguishable from the situations in *People v Miller* (224 AD2d 639 [1996]), where the Court excluded the defendant's two children based on its "standing policy" not to permit children younger than 12 years of age in the courtroom, and *People v Gomez* (256 AD2d 589 [1998]), where the court excluded two children, one of whom was apparently the defendant's child, only because it was the court's "procedure" to exclude children from the courtroom. Unlike the situations in those cases, the court here did not act on the basis of a generalized policy to exclude children from the courtroom.

As correctly conceded by the People, the court erred in sentencing the defendant as a persistent violent felony offender because the defendant had committed the second predicate violent felony offense before he was sentenced for the first predicate violent felony offense (*see People v Morse*, 62 NY2d 205 [1984]; *People v Cooper*, 245 AD2d 569 [1997]). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing of the defendant. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.