■ In the Matter of MARLON OLIPHANT, Petitioner, v KATHLEEN M. RICE et al., Respondents. [861 NYS2d 947]—

Proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition to bar the retrial of the petitioner in an action entitled *People v Oliphant,* pending in the Supreme Court,

Nassau County, under indictment No. 2853N/07, on the ground that retrial would violate his right not to twice be placed in jeopardy for the same offense. Motion by the petitioner to stay the retrial pending hearing and determination of the proceeding.

Upon the papers filed in support of the petition and the motion, and the papers filed in opposition thereto, it is

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the motion is denied as academic.

The petitioner claims that the Double Jeopardy Clauses of the Federal and State Constitutions (*see* US Const 5th Amend; NY Const, art I, § 6) bar retrial because his motion for a mistrial at the prior trial was provoked by deliberate prosecutorial misconduct. We disagree. Our review of the relevant portions of the record reveals that the prosecutor's conduct was not "intended to provoke the [petitioner] into moving for a mistrial" (*Oregon v Kennedy,* 456 US 667, 679 [1982]). "Absent such a bad-faith intent, the misconduct does not constitute that type of prosecutorial overreaching contemplated by the United States Supreme Court as requiring the barring of reprosecution on the ground of double jeopardy" (*People v Copeland,* 127 AD2d 846, 847 [1987]; *see Schoendorf v Mullen,* 152 AD2d 715, 716 [1989]). Since the prosecutor did not intentionally provoke the petitioner's motion for a mistrial, the retrial is not barred by the Double Jeopardy Clause of either the Federal or State Constitution (*see Schoendorf v Mullen,* 152 AD2d 715, 716 [1989]; *People v Presley,* 136 AD2d 949 [1988]). Dillon, J.P., Angiolillo, Carni and Eng, JJ., concur.