# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1308**
**KA 12-01677**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MICHAEL CROCKETT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered July 26, 2012 pursuant to the 2005 Drug Law Reform Act. The order denied the application of defendant for resentencing upon his conviction of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminal use of drug paraphernalia in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his application for resentencing under the 2005 Drug Law Reform Act ([2005 DLRA] L 2005, ch 643, § 1), which authorizes the discretionary resentencing of certain class A-II drug offenders. We reject defendant's contention that he was deprived of effective assistance of counsel because his attorney failed to notify the Attorney General of his challenge to the constitutionality of the 2005 DLRA. It is well established that the right to effective assistance of counsel in New York is "violated if a defendant's counsel fails to meet a minimum standard of effectiveness, *and* defendant suffers prejudice from that failure" (*People v Turner*, 5 NY3d 476, 479 [emphasis added]). Here, although defense counsel should have notified the Attorney General of defendant's challenge to the constitutionality of a state statute (*see* Executive Law § 71), Supreme Court did not deny defendant's motion on that basis. Instead, the court ruled on the merits of defendant's contention, determining that the statute is constitutional. Thus, defendant was not prejudiced by his attorney's failure to notify the Attorney General, and defense counsel was not ineffective as a result of that single error (*see generally People v Rogers*, 277 AD2d 876,

877, *lv denied* 96 NY2d 834).  Because defendant does not contend on appeal that the court erred in determining that the statute is constitutional, we do not address that issue.

Entered:  January 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court