■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS P. ANDERSON, Appellant. [607 NYS2d 362] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered June 6, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's principal contention is that he invoked the right to counsel at the beginning of a videotaped interview by an Assistant District Attorney, and that his statement made thereafter should have been suppressed (see, People v Cunningham, 49 NY2d 203). We find that the defendant did unequivocally invoke his right to counsel, and thus the Assistant District Attorney was obligated to cease questioning and honor the defendant's request (see, People v Stroh, 48 NY2d

1000). However, even though the hearing court should have suppressed the videotaped statement, a reversal of the defendant's conviction is not warranted. On the videotape the defendant reiterated the story that he had already told the police twice before after waiving his right to the assistance of counsel. In addition, the defendant's statement was virtually identical to the account given by five eyewitnesses. Thus, any error in the admission of the videotaped statement was harmless, since the substantive content of the statement was either duplicative of other statements made by the defendant which were properly admitted into evidence or cumulative to other properly received evidence (see, People v Kern, 75 NY2d 638, 659; People v Drelich, 123 AD2d 441).

We find no merit to the defendant's contentions with regard to his sentence. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.