■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN TAYLOR, Appellant. [664 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 30, 1995, convicting him of robbery in the first degree (three counts), robbery in the second degree (two counts), robbery in the third degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that an oral statement which he gave to the police should have been suppressed is without merit. The statement was a spontaneous declaration which was in no way induced, provoked, or encouraged by the police. Thus, it was properly admitted into evidence (*see, People v Lynes,* 49 NY2d 286, 294; *People v Morgan,* 226 AD2d 398; *People v Pryor,* 194 AD2d 749). Moreover, while it appears that prior to being given *Miranda* warnings, the defendant signed a photograph of the stolen jewelry which also contained a partially inculpatory written statement, that writing was merely an accurate memorialization of the defendant's earlier spontaneous utterance and, as such, was cumulative in nature. Accordingly, any error in the admission of the photograph containing the writing was harmless (*see, People v Rivers,* 83 AD2d 978, 979, *affd* 56 NY2d 476; *see also, People v Anderson,* 200 AD2d 750; *People v Holland,* 179 AD2d 822).

The defendant's contention that the evidence was legally insufficient to establish that he committed robbery offenses against different people at two different locations within a relatively brief period of time is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsup-

ported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.