THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAREYTON WILLIAMS, Appellant. [693 NYS2d 193] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered May 27, 1998, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Prior to opening statements, the trial court ruled that the People could not introduce evidence that $900 was taken from the defendant at the time of his arrest. During his cross-examination testimony, one of the arresting police officers, in answering a question from defense counsel, indicated that a number of items were recovered from the defendant's bag upon his arrest, which were recorded on a property invoice. On redirect, the same officer, in answering a question from the Assistant District Attorney, read from the property invoice, and indicated that approximately $900 was recovered from the de-

fendant, in violation of the trial court's ruling. Thereafter, the court denied the defendant's motion for a mistrial.

The Assistant District Attorney's question did not necessarily call for the answer given by the witness, and, in response to the court's subsequent query, the Assistant District Attorney advised the court of the particular nonviolative answer that he expected from this witness. The Assistant District Attorney further advised the court that he had advised his witness not to give any answer which would violate the court's ruling during his testimony. Under these circumstances, the record does not support a finding that the prosecutor intended to provoke a motion for a mistrial (*see, People v Russell,* 199 AD2d 345, 346; *see also, People v De Tore,* 34 NY2d 199, 207, *cert denied* 419 US 1025).

Moreover, even though the prejudicial effect of the admission of the challenged testimony clearly outweighed whatever probative value it may have had, the error was clearly harmless in view of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230; *People v Portilla,* 190 AD2d 827, 828; *People v Berry,* 182 AD2d 824, 825; *People v Milom,* 75 AD2d 68, 73; *cf., People v Morales,* 133 AD2d 90, 91).

Further, the defendant's contention that two oral statements which he gave to the police should have been suppressed is without merit. The statements were either spontaneous or were not induced, provoked, or encouraged by the police. Thus, they were properly admitted into evidence (*see, People v Green,* 258 AD2d 531; *People v Taylor,* 243 AD2d 741). Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.