■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAYTON STULTZ, Appellant. [726 NYS2d 437] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered October 31, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence against the defendant consisted, *inter alia,* of identification testimony and evidence that his nickname "Noey" and beeper number were found written on a piece of paper in the decedent's room. The admission of testimony that subsequent to his arrest, the defendant responded to the nickname "Noey," if error, was harmless. "[T]he substantive content of the statement was * * * duplicative of other statements made by the defendant which were properly admitted in evidence" (*People v Anderson,* 200 AD2d 750, 751). The detective who took the defendant's pedigree information testified that he used certain aliases, i.e., Sam Smith, Noel Smith, and Noey, and his address was 676 Montgomery Street, Brooklyn, New York. An employee of Multi Communications testified that the beeper number was issued to Sam Smith, whose address was 676 Montgomery Street, Brooklyn, New York.

A detective's testimony that he ascertained the telephone number of the telephone in the park where the crime occurred by dialing "953," generating a recorded response, was properly admitted. The defendant objected to the admission of this testimony on the ground that it constituted inadmissible hearsay. However, that evidence was not hearsay, since it was not the repetition of a human observation (*see, State of Ohio v Duff,* — Ohio App —, 2001 WL 102258 [10th Dist, Feb. 8, 2001, Deshler, J.]; *Tatum v Commonwealth,* 17 Va App 585, 440 SE2d 133).

The defendant's remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.