People v Taylor (2020 NY Slip Op 04413)





People v Taylor


2020 NY Slip Op 04413


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-04227
 (Ind. No. 301/92)

[*1]The People of the State of New York, respondent,
v
Calvin Taylor, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Thomas B. Litsky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Richmond County (William Garnett, J.), imposed April 21, 2015, upon his convictions of robbery in the first degree (three counts), robbery in the second degree (two counts), robbery in the third degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, and attempted robbery in third degree, upon a jury verdict.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Richmond County, for resentencing in accordance herewith.
In 1995, the defendant was convicted of several robbery-related crimes, and sentences were imposed thereon (see People v Taylor, 243 AD2d 741). In 2015, the defendant appeared before the Supreme Court, Richmond County, and was resentenced. At that proceeding, the defendant requested an opportunity to address the court. The court denied the defendant's request. The defendant appeals, and we reverse.
A defendant is entitled "to make a statement personally in his or her own behalf, and before pronouncing sentence the court must ask the defendant whether he or she wishes to make such a statement" ( CPL 380.50 [1]). "[T]he provisions of CPL 380.50 apply to occasions of resentencing as well as to those of initial sentencing" (People v Green, 54 NY2d 878, 880; see People v Chi Fong Chen, 56 AD3d 488). Here, the defendant was denied that opportunity. Accordingly, we remit the matter to the Supreme Court, Richmond County, for resentencing to give the defendant an opportunity to make a statement in his behalf (see People v Crossland, 251 AD2d 509, 511).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court